Scott E. Davis
State Bar No. 016160
SCOTT E. DAVIS, P.C.
20827 North Cave Creek Road, Suite 101
Phoenix, AZ  85024

Telephone:  (602) 482-4300
Facsimile:    (602) 569-9720
email: davis@scottdavispc.com

*Attorney for Plaintiff Rita Curry*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Rita Curry,<br><br>        Plaintiff,<br><br>    v.<br><br>Sun Life Assurance Company of Canada, Carpe Diem Collegiate High School, Carpe Diem Collegiate High School Employee Disability Plan,<br><br>        Defendants. | Case No.<br><br>**COMPLAINT** |

Now comes the Plaintiff Rita Curry (hereinafter referred to as "Plaintiff"), by and through her attorney, Scott E. Davis, and complaining against the Defendants, she states:

*Jurisdiction*

1. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover employee benefits. In addition, this action may be brought before this Court pursuant to 28 U.S.C. §1331, which gives the Court jurisdiction over actions that arise under the laws of the United States.

*Parties*

2. Plaintiff is a resident of Yuma County, Arizona.

3. Upon information and belief, Defendant Carpe Diem Collegiate High School (hereinafter referred to as the "Company") sponsored, subscribed to and administered a group short term disability insurance policy, which was fully insured and administered by Sun Life Assurance Company of Canada (hereinafter referred to as "Sun Life"). The specific Sun Life short term policy is known as group policy number 11911. Upon information and belief, the Company's purpose in subscribing to the Sun Life policy was to provide disability insurance for its employees. Upon information and belief, the Sun Life policy may have been included in and part of the Carpe Diem Collegiate High School Employee Disability Plan (hereinafter referred to as the "Plan") which may have been created to provide the Company's employees with welfare benefits. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1).

4. Upon information and belief, the Company or Plan may have delegated responsibility for the plan and/or claim administration of the policy to Sun Life. Plaintiff believes that as it relates to her claim, Sun Life functioned in a fiduciary capacity as the Plan and/or Claim Administrator.

5. Upon information and belief, Plaintiff believes Sun Life operated under a conflict of interest in evaluating her claim due to the fact it operated in dual roles as the decision maker with regard to whether Plaintiff was disabled as well as the payor of

benefits; *to wit,* Sun Life's conflict existed in that if it found Plaintiff was disabled it was also liable for payment of those benefits. [1]

6. The Company, Plan and Sun Life conduct business within Yuma County and all events giving rise to this Complaint occurred within Yuma County.

### *Venue*

7. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391.

### *Nature of the Complaint*

8. Incident to her employment, Plaintiff was a covered employee pursuant to the Plan and the relevant policy and a "participant" as defined by 29 U.S.C. §1002(7). Plaintiff seeks disability income benefits from the Plan and the relevant policy pursuant to §502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B) as well as any other employee benefits she may be entitled to as a result of being found disabled.

9. After working for the Company as a loyal employee, Plaintiff became disabled on or about September 9, 2009 due to serious medical conditions and was unable to work in her designated occupation as a Teacher. Plaintiff has remained disabled as that term is defined in the relevant policy continuously since that date and has not been able to return to any occupation as a result of her serious medical conditions.

---

[1] "A plan administrator's dual role of both evaluating and paying benefits claims creates the kind of conflict of interest referred to in Firestone. *That conclusion is clear where it is the employer itself that both funds the plan and evaluates the claim*, but a conflict also exists where, as here, the plan administrator is an insurance company. For one thing, the employer's own conflict may extend to its selection of an insurance company to administer its plan." *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343 (U.S. 2008) (emphasis added).

10. Following her disability, Plaintiff applied for and received short term disability benefits under the relevant short term disability policy, which were awarded through November 23, 2009.

11. In a letter dated December 24, 2009, Sun Life notified Plaintiff it was denying her short term disability benefits as of November 23, 2009.

12. The relevant Sun Life short term disability policy provides the following definition of a covered disability which applies to Plaintiff's claim:

> "Total Disability or Totally Disabled means the Employee, because of Injury or Sickness, is unable to perform all of the material and substantial duties of his own occupation and is not engaged in any occupation for wage or profit."

13. Pursuant to 29 U.S.C. § 1133, Plaintiff timely appealed the December 24, 2009 denial of her claim for short term disability benefits.

14. In support of her claim for short term disability benefits, Plaintiff submitted to Sun Life medical records from her treating physicians supporting her allegation she met the relevant definition of disability under the short term disability policy.

15. In a letter dated March 18, 2010, Sun Life notified Plaintiff it partially overturned its decision to deny Plaintiff's claim and had approved her claim for benefits through December 29, 2009, but had denied Plaintiff's claim beyond that date.

16. In denying Plaintiff's claim for disability benefits beyond December 29, 2009, Sun Life erroneously concluded Plaintiff failed to provide sufficient evidence to support the severity of her serious medical conditions. Sun Life's denial letter failed to provide a full and fair review pursuant to ERISA because it failed to consider, and/or selectively reviewed and de-emphasized most, if not all of Plaintiff's evidence which adequately documented her serious medical conditions and supported she met the definition of disability under the relevant Sun Life policy beyond December 29, 2009.

17. In addition, Sun Life's March 18, 2010 denial letter was erroneous and unlawful because Plaintiff's medical condition had not improved in any way which would have allowed a return to any type of work from the time Sun Life originally evaluated and approved Plaintiff's short term disability claim. [2]

18. As part of a review of Plaintiff's claim, Sun Life referred Plaintiff's claim to a medical consultant(s) for records only reviews of Plaintiff's claim.

19. Plaintiff believes it was unreasonable and evidence of Sun Life's conflict of interest for Plaintiff's claim to be referred to persons that may have an incentive to protect their consulting relationships with the disability insurance industry by providing medical review reports and opinions which selectively review and ignore evidence in order to provide opinions and reports which are favorable to insurance companies such as Sun Life and which supported the denial of Plaintiff's claim. "ERISA imposes higher-than-marketplace quality standards on insurers" [3] and Sun Life's referral of Plaintiff's claim on appeal to its own employees may have fallen well below any reasonable quality standard and therefore, denied Plaintiff of a full and fair review.

20. Plaintiff questions the independence, impartiality and bias of Sun Life's own employees to fully and fairly review her claim and she believes the consultants' opinions are adversarial because of these individuals' conflict of interest as employees. Plaintiff

---

[2] *See McOsker v. Paul Revere Life Ins. Co.,* 279 F.3d 586 (8th Cir. 2002) (holding that once the claimant establishes an entitlement to benefits, absent changed circumstances, the propriety of a termination is questionable); *see also Regula v. Delta Family-Care Disability Survivorship Plan,* 266 F.3d 1130 (9th Cir. 2001), *Walke v. Group Long Term Disability Ins.,* 256 F.3d 835 (8th Cir. 2001); and *Levinson v. Reliance Standard,* 245 F.3d 1321 (11th Cir. 2001) (holding that the burden is placed on insurer to establish claimant's ability to work).

[3] Id.

believes Sun Life's financial conflict of interest is a motivating factor why it referred Plaintiff's claim to its own employees for review.

21. The consultants did not personally examine Plaintiff, and their opinions that Plaintiff's inability to work was not supported by the medical documentation was based entirely on a selective review of Plaintiff's medical records which unlawfully and erroneously ignored and/or de-emphasized Plaintiff's self-reported complaints [4] and the combined effect [5] Plaintiff's prescribed medications had on her ability to work in any occupation. Plaintiff believes this evidence was critical evidence because the aforementioned limitations precluded any gainful employment and were sufficient to meet the definition of disability set forth in the relevant Sun Life policy. The aforementioned evidence should have been considered and the fact it was not precluded a full and fair review of Plaintiff's claim.

22. In evaluating Plaintiff's claim on appeal, Sun Life had an obligation pursuant to ERISA to administer Plaintiff's claim "solely in her best interests and other participants" which it failed to do. [6]

---

[4] "While the rules and presumptions of our Social Security case law do not apply to ERISA benefits determinations, see *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 123 S. Ct. 1965, 155 L. Ed. 2d 1034 (2003), our Social Security precedents are relevant for the factual observation that disabling pain cannot always be measured objectively--which is as true for ERISA beneficiaries as it is for Social Security claimants." *Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863, 873 (9th Cir. 2008).

[5] *See Peterson v. Fed. Express Corp. Long Term Disability Plan*, 2007 U.S. Dist. LEXIS 41590 (D. Ariz. 2007).

[6] It sets forth a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, § 1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials," Firestone, 489 U.S., at 113, 109 S. Ct. 948, 103 L. Ed. 2d 80 (quoting § 1133(2)); and it

23. In the denial letter dated March 18, 2010, Sun Life notified Plaintiff that she had exhausted her administrative remedies and could file a civil action in federal court pursuant to ERISA § 502(a).

24. Subsequent to Sun Life's March 18, 2010 denial of her claim, Plaintiff's Social Security Disability claim was approved based on the same medical conditions as Plaintiff alleged in her claim with Sun Life.

25. Plaintiff believes a reason Sun Life provided an unlawful review which was neither full nor fair and that violated ERISA, specifically, 29 U.S.C. § 2560.503-1, is due to its conflict of interest as decision maker and payor of benefits, and this conflict is the reason Plaintiff's claim was denied.

26. Plaintiff is entitled to discovery regarding the aforementioned conflicts of interest of Sun Life, and any individual who reviewed her claim, and the Court may properly weigh and consider evidence regarding the nature, extent and effect of *any* conflict of interest which may have impacted or influenced Sun Life's decision to deny her claim.

27. With regard to whether Plaintiff meets the definition of disability set forth in the Plan, the Court should review the evidence in Plaintiff's claim *de novo,* because even if the Court concludes the Plan confers discretion, the unlawful violations of ERISA committed by the Plan and its administrators as referenced herein are so flagrant they justify *de novo* review.

28. As a direct result of Sun Life's decision to deny Plaintiff's disability claim, she has been injured and suffered damages in the form of lost disability benefits, in addition

---

supplements marketplace and regulatory controls with judicial review of individual claim denials, see § 1132(a)(1)(B). *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2350 (U.S. 2008).

to other potential employee benefits she may have been entitled to receive through or from the Plan and/or Company as a result of being found disabled.

29. Pursuant to 29 U.S.C. §1132, Plaintiff is entitled to recover unpaid benefits, prejudgment interest, reasonable attorney's fees and costs from Defendants.

30. Plaintiff is entitled to prejudgment interest at the rate of 10% per annum pursuant to A.R.S. §20-462, or at such other rate as is appropriate to compensate her for losses she incurred as a result of Defendants' unjustified denial of payment of benefits.

WHEREFORE, Plaintiff prays for judgment as follows:

A. For any and all disability benefits due as a result of being found disabled pursuant to the Plan from the date she was first denied these benefits through the date of judgment and prejudgment interest there on well as any other employee benefits she is entitled to from the Plan and/or Company as a result of being found disabled;

B. For an Order directing Defendants to pay Plaintiff the aforementioned benefits until the time she meets the conditions for termination of benefits;

C. For attorney's fees and costs incurred as a result of prosecuting this suit pursuant to 29 U.S.C. §1132(g); and

D. For such other and further relief as the Court deems just and proper.

DATED this 20th day of October, 2011.

SCOTT E. DAVIS. P.C.

By:   */s/ Scott E. Davis*
      Scott E. Davis
      Attorney for Plaintiff